Matter of Schweiger (2020 NY Slip Op 00866)





Matter of Schweiger


2020 NY Slip Op 00866


Decided on February 5, 2020


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 5, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
REINALDO E. RIVERA
MARK C. DILLON
RUTH C. BALKIN, JJ.


2017-04920

[*1]In the Matter of Harvey A. Schweiger, admitted as Harvey Alfred Schweiger, an attorney and counselor- at-law. Grievance Committee for the Tenth Judicial District, petitioner; Harvey A. Schweiger, respondent. (Attorney Registration No. 1261254)



DISCIPLINARY PROCEEDING instituted by the Grievance Committee for the Tenth Judicial District. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on October 19, 1966, under the name Harvey Alfred Schweiger. The Grievance Committee commenced a disciplinary proceeding pursuant to 22 NYCRR 1240.8 against the respondent by the service and filing of a notice of petition dated April 27, 2017, and a verified petition dated April 25, 2017, and the respondent served and filed an answer dated May 22, 2017. Subsequently, the Grievance Committee served and filed a statement of disputed and undisputed facts dated September 12, 2017, pursuant to 22 NYCRR 1240.8(a)(2), which the respondent has not challenged. By decision and order on application of this Court dated November 1, 2017, the matter was referred to the Honorable Lance D. Clarke, as Special Referee, to hear and report.



Catherine A. Sheridan, Hauppauge, NY (Ian P. Barry of counsel), for petitioner.
Lowell B. Davis, Carle Place, NY, for respondent.



PER CURIAM.


OPINION & ORDER
The Grievance Committee for the Tenth Judicial District served the respondent with a verified petition dated April 25, 2017, containing three charges of professional misconduct. Following prehearing conferences on March 8, 2018, April 23, 2018, and June 27, 2018, and a hearing on October 5, 2018, the Special Referee sustained all the charges. The Grievance Committee now moves to confirm the Special Referee's report and to impose such discipline upon the respondent as the Court deems just and proper. The respondent opposes the motion, and asks that if a penalty is to be imposed, the penalty should be an admonition or censure, or the appointment of a compliance monitor to oversee his trust accounts.
Charge one alleges that the respondent misappropriated funds entrusted to him as a fiduciary, in violation of rule 1.15(a) of the Rules of Professional Conduct (22 NYCRR 1200.0), as follows: At all relevant times, the respondent maintained at Wells Fargo: (1) an escrow account, designated "Harvey Schweiger, DBA Harvey A. Schweiger, Esq., NY IOLA Attorney Special Account," bearing an account number ending in 3299 (hereinafter the escrow account); and (2) an operating account, designated "Harvey Schweiger, DBA Harvey A. Schweiger, Esq.," bearing an account number ending in 3281 (hereinafter the operating account).
In 2014, the respondent represented real estate clients Julio Regeiro and Patricia Regeiro in the sale of residential property owned by them (hereinafter the property). The contract of sale was dated August 18, 2014. On or about September 9, 2014, the respondent received a [*2]$22,225 down-payment check from the buyers, Gerry White and Mirabel White. On September 9, 2014, the respondent deposited the $22,225 down-payment check in the escrow account, which, prior to the deposit, had an account balance of $49.58. On September 11, 2014, the respondent withdrew $1,750 from the escrow account without permission to do so. On September 12, 2014, the Whites' down-payment check was dishonored and a "returned item" fee was assessed, causing the account balance in the escrow account to decrease to -$1,712.44.
On September 15, 2014, the respondent received a replacement check from the Whites in the form of a bank check in the amount of $22,225. On September 16, 2014, the respondent deposited the check in the operating account. On September 18, 2014, without permission, the respondent withdrew $9,300 of the $22,225 in cash from the operating account and paid it to his nephew, Matthew Schweiger, for a purpose unrelated to the sale of the property. On September 18, 2014, the respondent transferred $1,747.44 of the $22,225 down payment from the operating account to the escrow account. On September 22, 2014, without permission, the respondent made a $3,185.66 withdrawal from the operating account. On September 22, 2014, the respondent withdrew the remainder of the down payment, $8,000, from the operating account and deposited it in the escrow account, which brought the balance in the escrow account to $7,953, and reduced the balance in the operating account to $0.
Between September 30, 2014, and October 30, 2014, the balance in the escrow account remained below $22,225. The closing on the property occurred on October 31, 2014. On the closing date, the balance in the escrow account was $3,821.25. At closing, the respondent did not issue any checks or otherwise disburse funds from the escrow account. Between October 31, 2014, and March 11, 2015, the respondent deposited and disbursed funds related to other client matters into and out of the escrow account. On March 11, 2015, the balance in the escrow account was $26,306.84, comprising funds related to three other client matters. On March 11, 2015, the respondent drew a $20,000 check against the escrow account payable to the Regeiros. The $20,000 check cleared due to the other client funds in the account.
Charge two alleges that the respondent engaged in conduct prejudicial to the administration of justice, in violation of rule 8.4(d) of the Rules of Professional Conduct (22 NYCRR 1200.0), as follows: On October 22, 2014, a dishonored check notification from the Lawyers' Fund for Client Protection was forwarded to the respondent at his office, along with a letter requesting a written answer and copies of pertinent bank records involving the escrow account. The October 22, 2014, mailing was not returned as undeliverable. The respondent failed to respond or submit a written answer and/or copies of pertinent bank records within the specified time frame, and failed to do so after two additional letter requests were sent on February 17, 2015, and March 31, 2015, respectively.
On April 22, 2015, the respondent was served with a subpoena to attend an examination under oath on May 15, 2015, along with a subpoena duces tecum for his escrow records, including deposit slips. At the respondent's request, the examination under oath was adjourned to May 19, 2015, so he could produce the requested bank records. The respondent appeared for the examination under oath, but failed to produce his escrow records. During his examination under oath, the respondent reluctantly acknowledged receiving the Grievance Committee's October 22, 2014, letter, and confirmed receipt of the February 17, 2015, and March 31, 2015, letters from the Grievance Committee. He agreed to provide the escrow records "within the next two weeks," but failed to do so. On March 7, 2016, a certified letter from the Grievance Committee demanding copies of the respondent's escrow records was delivered to the respondent's office and signed for. The escrow records were not produced.
On November 1, 2016, the respondent was served with a subpoena to appear on November 17, 2016, for an examination under oath and a subpoena duces tecum for the production of certain records. On November 17, 2016, the respondent appeared and produced bank records.
Charge three alleges that the respondent is guilty of conduct adversely reflecting on his fitness as a lawyer, in violation of rule 8.4(h) of the Rules of Professional Conduct (22 NYCRR 1200.0), based on the factual specifications alleged in charges one and two.
Based on the evidence adduced and the respondent's admissions, the Special Referee properly sustained all the charges. Accordingly, the Grievance Committee's motion to confirm the report of the Special Referee is granted.
The respondent has a prior disciplinary history, consisting of a Letter of Caution dated September 30, 2004, for failure to cooperate, and an Admonition dated June 22, 1990, for neglecting two appeals on behalf of two clients.
In mitigation, the respondent expressed regret for any delay caused, noting that his clients were paid in full for the sums owed them from the sale. He claimed that he lacked any [*3]malicious intent, and that the facts do not adversely reflect on his fitness to practice law in view of the fact that he practiced law for 50 years without incident or complaint.
The evidence established that the respondent converted the down payment he was entrusted to preserve as an escrow agent. The respondent's claim that he had permission to withdraw the funds was disproved by the testimony of one of the complainants and the respondent, both of whom testified that no permission had ever been given. The respondent's main defense, that because the sale went through and his client ultimately received the funds the client was entitled to receive, renders the respondent not guilty of misappropriation, is without merit. The respondent's defense offered in connection with his withdrawal of $9,300 for his nephew, that he had permission to withdraw those funds, was disproved by the testimony of one of the complainants and the respondent, both of whom testified that no permission had ever been given. Moreover, the respondent offered no evidence to support his claim that he was holding the money for his nephew. We note that the Special Referee found that the evidence was overwhelming.
We find that the respondent committed serious professional misconduct warranting a suspension from the practice of law. Notwithstanding the fact that respondent's clients ultimately received the funds to which they were entitled (five months after the transaction closed), we conclude that suspension from the practice of law for a period of two years is warranted (see Matter of Kalba, 164 AD3d 39).
SCHEINKMAN, P.J., MASTRO, RIVERA, DILLON and BALKIN, JJ., concur.
ORDERED that the petitioner's motion to confirm the Special Referee's report is granted; and it is further,
ORDERED that the respondent, Harvey A. Schweiger, admitted as Harvey Alfred Schweiger, is suspended from the practice of law for a period of two years, commencing March 6, 2020, and continuing until further order of this Court. The respondent shall not apply for reinstatement earlier than September 7, 2021. In such application (see 22 NYCRR 691.11, 1240.16), the respondent shall furnish satisfactory proof that during said period he: (1) refrained from practicing or attempting to practice law, (2) fully complied with this opinion and order and with the terms and provisions of the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), (3) complied with the applicable continuing legal education requirements of 22 NYCRR 691.11, and (4) otherwise properly conducted himself; and it is further,
ORDERED that the respondent, Harvey A. Schweiger, admitted as Harvey Alfred Schweiger, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Harvey A. Schweiger, admitted as Harvey Alfred Schweiger, shall desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Harvey A. Schweiger, admitted as Harvey Alfred Schweiger, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Aprilanne Agostino
Clerk of the Court