Matter of Schweiger (2020 NY Slip Op 03387)





Matter of Schweiger


2020 NY Slip Op 03387


Decided on June 17, 2020


Appellate Division, Second Department


Per Curiam



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 17, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
REINALDO E. RIVERA
MARK C. DILLON
RUTH C. BALKIN, JJ.


2019-11293

[*1]In the Matter of Harvey A. Schweiger, admitted as Harvey Alfred Schweiger, a suspended attorney. Grievance Committee for the Tenth Judicial District, petitioner; Harvey A. Schweiger, respondent. (Attorney Registration No. 1261254)



DISCIPLINARY PROCEEDING instituted by the Grievance Committee for the Tenth Judicial District. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on October 19, 1966, under the name Harvey Alfred Schweiger. By opinion and order of this Court dated February 5, 2020, in a prior separate disciplinary proceeding under Appellate Division Docket No. 2017-04920, the respondent was suspended from the practice of law for a period of two years, effective March 6, 2020, based on three charges of professional misconduct (see Matter of Schweiger, 181 AD3d 119).



Catherine A. Sheridan, Hauppauge, NY (Ian P. Barry of counsel), for petitioner.



PER CURIAM


OPINION & ORDER
On October 1, 2019, the Grievance Committee for the Tenth Judicial District commenced a disciplinary proceeding pursuant to 22 NYCRR 1240.8(a) against the respondent by filing a notice of petition and a verified petition dated September 17, 2019, and personally serving the same on the respondent on September 27, 2019. The notice of petition directed that the respondent file an original answer to the verified petition with the Court within 20 days of his receipt thereof, and serve a copy of the same on the Grievance Committee. The verified petition contains three charges of professional misconduct, alleging, inter alia, a misappropriation of client funds and a failure to promptly pay to a client funds that the client requested and was entitled to receive.
To date, the respondent has neither served an answer to the verified petition, nor has he requested additional time in which to do so.
The Grievance Committee now moves to adjudicate the respondent in default based on his failure to answer the petition, and to deem the charges established.
The instant motion was served on the respondent on November 25, 2019. Although granted an adjournment until December 23, 2019, to file a response, the respondent, to date, has neither answered nor requested additional time in which to do so.
Accordingly, the Grievance Committee's motion is granted, the charges in the petition are deemed established, and, effective immediately, the respondent is disbarred upon his default, and his name is stricken from the roll of attorneys and counselors-at-law.
SCHEINKMAN, P.J., MASTRO, RIVERA, DILLON and BALKIN, JJ.,concur.
ORDERED that the Grievance Committee's motion is granted; and it is further,
ORDERED that, pursuant to Judiciary Law § 90, effective immediately, the respondent, Harvey A. Schweiger, admitted as Harvey Alfred Schweiger, is disbarred and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,
ORDERED that the respondent, Harvey A. Schweiger, admitted as Harvey Alfred Schweiger, shall continue to comply with this Court's rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, the respondent, Harvey A. Schweiger, admitted as Harvey Alfred Schweiger, is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Harvey A. Schweiger, admitted as Harvey Alfred Schweiger, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Aprilanne Agostino
Clerk of the Court